# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FAYE R. HOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-0774 |
| ) | Judge Aleta A. Trauger |
| RETIRED GENERAL JAMES MATTIS, ) | |
| Secretary, Department of Defense, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM

Before the court are the plaintiff's Written Objections (Doc. No. 25) to the magistrate judge's December 19, 2016 Order purporting to grant the defendant's Motion to Dismiss Improper Parties (Doc. No. 21). For the reasons discussed herein, the court construes the magistrate judge's Order as a Report and Recommendation ("R&R"). The court will overrule the plaintiff's Objections, accept the R&R, and grant the motion to dismiss the individual defendants named in this action.

## I.  Standard of Review

The Federal Magistrates Act of 1968 authorizes the district courts to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for those matters deemed "dispositive." 28 U.S.C. § 636(b)(1)(A). A magistrate judge may be designated to hear and consider dispositive motions, but, with respect to such motions, the magistrate judge must submit to the district court proposed findings of fact and recommendations for the disposition of the motion by the district judge. 28 U.S.C. § 636(b)(1)(B).

The initial matter presented here is whether the Motion to Dismiss Improper Parties, filed under Rule 12(b)(1), is a dispositive or non-dispositive motion. Generally, pretrial matters that a magistrate judge is precluded from "determining" pursuant to § 636(b)(1)(A) are called "dispositive" because they are "dispositive of a claim or defense of a party." Fed. R. Civ. P. 72. The Sixth Circuit applies a "functional analysis of the motion's potential effect on litigation" to determine whether a particular motion is dispositive. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001). "The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive." *Id.* at 515.

The motion in this case, styled as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, is a dispositive motion, because it is potentially dispositive of the plaintiff's claims against the defendants seeking dismissal. Accordingly, the court construes the magistrate judge's Order as a Report and Recommendation.

When an objection is lodged against a magistrate judge's report and recommendation on a dispositive matter, the district court applies a *de novo* standard of review. In conducting this review, courts reexamine the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be "accept[ed], reject[ed], or modif[ied], in whole or in part[.]" 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## II. The Complaint

According to the allegations in the Complaint, the plaintiff resides in Montgomery County, Tennessee. She is employed as a teacher by the United States Department of Defense Education Activity ("DoDEA") in a U.S. overseas school operated on Camp Humphreys Army Base in South Korea. In October 2014, she requested leave without pay under the Family and

Medical Leave Act, 29 U.S.C.A. § 2601 *et seq.* ("FMLA"), due to personal medical problems. She was initially denied the requested leave. She believes that the denial of FMLA leave was in retaliation for her having previously filed discrimination complaints against the agency. (Compl. ¶ 9.) She also alleges that she was denied FMLA leave "because of Agency employees' belief that Plaintiff is using her medical condition to seek employment at Fort Campbell Schools." (Compl. ¶ 12.) She concedes that, eventually, "DoDEA Korea District Superintendent Dr. Judith J. Allen granted leave without pay for the requested time." (Compl. ¶ 26.) The plaintiff complains, however, that the leave was not classified as FMLA leave, as a result of which she suffered a loss in benefits and entitlements. (*Id.*)

Based on these and other allegations, the plaintiff filed her Complaint initiating this action, naming as defendants the Secretary of the Department of Defense in his official capacity, as well as six individual identified as DoDEA employees, including Steven Won, Jennifer Kehe, Susan (Shelly) Kennedy, Dr. Judith Allen, Thomas Brady, and Linda Curtis. The Complaint purports to assert claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Compl. Count One, ¶¶ 23–30) and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (Compl. Count Two, ¶¶ 31–35).

The Complaint also includes language indicating that the plaintiff intends to bring claims under the FMLA against defendants Steven Won, Jennifer Kehe, Susan (Shelly) Kennedy, Dr. Judith J. Allen, Thomas Brady, and Linda Curtis. (Compl. ¶¶ 36a–36f.) Other than the reference to Dr. Allen in paragraph 26, however, the plaintiff does not incorporate into the Complaint any factual allegations concerning these defendants; she simply identifies their roles within the DoDEA and provides their service addresses. (Compl. ¶ 3.) She also filed with the court an Index Complaint of FMLA Denial's and Documentation [sic] (Doc. No. 16), which appears to be

intended to supplement the Complaint. Attached to this Index is a copy of all the documents the plaintiff sent to the Department of Labor in connection with her administrative complaint concerning the denial of her initial request for FMLA leave—approximately 350 pages of exhibits. This documentation indicates that defendants Shelly Kennedy, as school principal, along with Dr. Allen, as District Superintendent, and Steven Won, Supervisory Human Resources Specialist, were responsible, at different levels, for reviewing and either granting or denying the plaintiff's requests for medical leave. Jennifer Kehe, a Labor and Employee Relations Specialist in the DoDEA Pacific Human Resources Division, communicated some of these decisions to the plaintiff. (*See* Doc. No. 16-4.)

The Complaint also states that it is brought under 42 U.S.C. § 1981, and it references the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Compl. ¶¶ 3, 5), but it does not state the basis for relief under either statute.

### III. The Motion and the Magistrate's Recommendation

In their Motion to Dismiss Improper Parties and supporting Memorandum, the defendants argue that the claims against the six individual defendants—Won, Kehe, Kennedy, Allen, Brady, and Curtis—must be dismissed, because the only proper defendant in a federal employment discrimination lawsuit under Title VII or the ADA is the head of the agency that employs or employed the plaintiff. (Doc. No. 22, at 2.)

In addressing the motion, the magistrate judge noted in passing that the plaintiff had not responded to the motion, but his recommendation that the motion be granted was not based on the plaintiff's failure to respond. Rather, he properly noted that Title VII and ADA claims may not be brought against individual supervisors. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an

'employer,' may not be held personally liable under Title VII."); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."). On that basis, he recommended dismissal of the claims against the individual defendants. (Doc. No. 23.)

## IV. The Plaintiff's Objections

In her Objections, the plaintiff argues, first, that the defendants failed to insure that she was properly served with a copy of their Motion to Dismiss Improper Parties. She protests strenuously that she never received a copy of the motion and insists that she would never have delayed in responding to the motion if she had been properly served. She also argues that, because the motion was not properly served upon her, it must be denied.

The plaintiff also characterizes her Complaint as stating claims under 42 U.S.C. § 1981, the FMLA, and the FLSA, in addition to the claims under Title VII and the ADA. She appears to argue that the defendants' motion should be denied on the basis that claims under § 1981, the FMLA, and the FLSA may be brought against individual supervisors. Further, she asserts that "nothing in 42 U.S.C. § 2000e-16(c) states the agency or officials are exempt from liabilities" and, therefore, that the court "has jurisdiction over the six individual Defendant's [sic]." (Doc. No. 25, at 10.)

## V. Discussion

### A. Defendants' Alleged Failure to Serve Documents upon the Plaintiff

The plaintiff asserts that she did not receive the defendants' motion, and she included a statement in an affidavit submitted to the court that the defendants are not forwarding their motions to her. (Doc. No. 30, at 2–3.) For their part, the defendants' attorneys have included a

Certificate of Service on each document filed in this court, documenting that they have served the documents upon the plaintiff at the mailing address she provided. For purposes of the defendants' motion and the plaintiff's response, the court accepts as true both that the defendants have served their filings on the plaintiff and that the plaintiff, for whatever reason, has not been receiving the documents in a timely fashion. Although the plaintiff apparently did not have the opportunity to respond initially to the defendants' Motion to Dismiss Improper Parties, she has done so now, and the court will consider the motion *de novo*, on its merits, as previously indicated.

    **B.    Title VII and the ADA**

Section 2000e-16 extended the protection of Title VII to federal employees. *Chandler v. Roudebush*, 425 U.S. 840, 841 (1976). The only appropriate defendant in a Title VII action brought by a federal employee is the head of the department or agency in his or her official capacity. *See, e.g.*, *McDermott v. Pritzker*, 651 F. App'x 590, 592 (9th Cir. 2016); *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985). Dismissal of any Title VII claims against the individual defendants is therefore warranted.

Likewise, there is no individual liability under the ADA. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 (6th Cir. 1999). The plaintiff therefore cannot maintain her ADA claims against the individual defendants, and such claims must be dismissed.

    **C.    FMLA**

The plaintiff also appears to oppose the defendants' motion on the basis that she has asserted claims under the FMLA. While there is a split of authority on the topic, *see Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 972 (E.D. Va. 2012) (collecting cases), the Sixth Circuit has expressly held that the FMLA precludes individual liability claims asserted against

federal agency supervisors. *Mitchell v. Chapman*, 343 F.3d 811, 814 (6th Cir. 2003); *see also Crugher v. Prelesnik*, 761 F.3d 610, 615 (6th Cir. 2014) (continuing to recognize that *Mitchell* precludes FMLA claims against government employees in their individual capacities). Dismissal of the FMLA claims against the individual defendants is also required.

### D. FLSA

The FLSA is vaguely referenced in the Complaint and in the plaintiff's Response to the defendants' motion. The FLSA requires employers to pay covered employees a minimum wage and overtime compensation. *Baden–Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626 (6th Cir. 2009); 29 U.S.C. §§ 206, 207. Because the factual allegations in the Complaint do not, even remotely, support an FLSA claim, the court does not construe the Complaint as stating or attempting to state such a claim.

### E. Section 1981 Claims

Insofar as the plaintiff may be attempting also to state a race discrimination claim under 42 U.S.C. § 1981, it has long been recognized that Title VII provides the sole remedy for racial discrimination claims asserted by federal employees. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). Consequently, constitutional claims asserting race discrimination are preempted by Title VII. *See id.* (rejecting a § 1981 claim of racial discrimination brought by a federal employee). To the extent the plaintiff seeks to bring § 1981 claims against the individual employees, those claims are also subject to dismissal.

## VI. Conclusion

For the reasons set forth herein, the court finds the plaintiff's Objections to be without merit. The R&R will be accepted, as modified herein, and the defendants' Motion to Dismiss Improper Parties will be granted. All claims against the individual defendants will be dismissed.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge