# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FAYE R. HOBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-0774** |
| | ) | **Judge Aleta A. Trauger** |
| **RETIRED GENERAL JAMES MATTIS,** | ) | |
| Secretary, Department of Defense, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM

Before the court is the remaining defendant's Motion to Dismiss Under 12(b)(6). (Doc. No. 35.) For the reasons discussed herein, the court will grant the motion to dismiss the plaintiff's claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* However, because the motion does not address the plaintiff's claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the court will not dismiss this action in its entirety.

## I.      Factual and Procedural Background

The plaintiff filed her Complaint initiating this action on April 22, 2016. (Doc. No. 1.) In addition, shortly after service of the Complaint on all defendants, the plaintiff filed a document titled  "Index Complaint of FMLA Denial's [sic] and Documentation" (Doc. No. 16), to which are attached approximately 350 pages of exhibits, comprising the underlying administrative record and other documents. (Doc. Nos. 16-1 through 16-20.) It appears that this filing was intended to supplement the Complaint.

According to the allegations in the Complaint, the plaintiff resides in Montgomery County, Tennessee. She is employed by the Department of Defense Education Activity ("DoDEA") as a teacher at a U.S. overseas school operated on Camp Humphreys Army Base in South Korea. In October 2014, she requested leave without pay under the FMLA due to personal medical problems. She claims that she was denied the requested leave, at least initially. She believes that the denial of FMLA leave was in retaliation for her having previously filed discrimination complaints against the agency. (Compl. ¶ 9.) She also alleges that she was denied FMLA leave "because of Agency employees' belief that Plaintiff is using her medical condition to seek employment at Fort Campbell Schools." (Compl. ¶ 12.) She concedes that, eventually, "DoDEA Korea District Superintendent Dr. Judith J. Allen granted leave without pay for the requested time." (Compl. ¶ 26.) The plaintiff complains, however, that the leave was not classified as FMLA leave, as a result of which she suffered a loss in benefits and entitlements. (*Id.*)

On December 15, 2015, the plaintiff filed an administrative complaint against the DoDEA alleging that she had been denied FMLA leave based on her previous complaints of race discrimination and retaliation. (Compl. ¶ 9; *see also* Complaint of Discrimination, Doc. No. 16-3.) She was advised by letter dated January 7, 2015 that the complaint had been accepted for investigation. (Compl. ¶ 9; Jan. 7, 2015 Letter, Doc. No. 16-6, at 10–12.) The complaint was investigated from March through May 2015. On June 15, 2015, the plaintiff requested a Final Agency Decision ("FAD"). (Compl. ¶ 9; June 15, 2015 Letter, Doc. No. 16-5, at 3.) The DoDEA issued the FAD on August 7, 2015. (FAD, Doc. No. 16-5, at 13–21.) The plaintiff received the FAD on August 17 or 18, 2015. (Compl. ¶ 9; *see also* Pl.'s Resp. & Rebuttal ¶ 3, Doc. No. 41.)

The plaintiff filed her Complaint in this court on April 22, 2016, expressly asserting claims under Title VII (Compl. Count One, ¶¶ 23–30) and the ADA (Compl. Count Two, ¶¶ 31–35). As indicated above, however, the Complaint also contains factual allegations and other statements indicating that the plaintiff intends to assert claims under the FMLA. (*See* Compl. ¶¶ 9, 36a–36f.) The Complaint also references 42 U.S.C. § 1981, but without expressly setting forth a factual or legal basis to support a claim under § 1981.

The court previously dismissed all claims asserted against the individual defendants named in the Complaint. Accordingly, what remains are claims against the Secretary of the Department of Defense in his official capacity.

Now pending is the defendant's Motion to Dismiss (Doc. No. 35), filed with a supporting Memorandum (Doc. No. 36), and the Declaration of William Suddeth (Doc. No. 37). Attached to the Sudduth Declaration are parts of the underlying administrative record that the plaintiff already submitted, including the plaintiff's Formal Complaint of Discrimination (Doc. No. 37-2) and the FAD (Doc. No. 37-1), as well as documentation of the plaintiff's agency appeals in other administrative actions (Doc. Nos. 37-3, 37-4, 37-5). The plaintiff has filed her Response in opposition to the defendant's motion (Doc. No. 40) and a Rebuttal to Sudduth's Declaration (Doc. No. 41).

## II.    Standard of Review

The defendant's motion is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(d) provides that, if the moving party presents and the court relies on matters outside the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). The Sixth Circuit has clarified the scope of what the court may consider without reaching "matters outside of the

pleadings." Generally, while a plaintiff is not required to attach to the complaint documents upon which her action is based, under the Rules, "[a] copy of any written instrument which is an exhibit to a pleading . . . a part thereof for all purposes." Fed. R. Civ. P. 10(c). In addition, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment," even if the document was filed by the defendant rather than by the plaintiff. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). Courts may also "take judicial notice of the administrative record reflecting plaintiff's exhaustion of administrative remedies without converting the motions into ones for summary judgment." *Allen v. Shawney*, No. 11-cv-10942, 2013 WL 2480658, at *13 (E.D. Mich. June 10, 2013). *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (affirming the district court order granting the defendant's motion to dismiss for failure to exhaust).

The court concludes that it is appropriate to consider the plaintiff's agency complaint as well as the FAD without converting the present motion into one for summary judgment. Both of these documents were submitted by the plaintiff as a supplement to her pleading, and she refers to both of them in her Complaint.

Accordingly, the standard applicable to Rule 12(b)(6) motions applies. Under that standard, the court must accept as true all of the allegations contained in the complaint and construe the complaint liberally in favor of the *pro se* plaintiff. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Although a complaint does not need to contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (applying *Twombly*). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

### III.    Discussion

The defendant argues that the plaintiff's claims under Title VII must be dismissed based on the statute of limitations and that any claims under the ADA must be dismissed for failure to exhaust. In her Response, the plaintiff does not argue that she fully exhausted her claims or that the deadline for filing her civil lawsuit should be equitably tolled. Rather, she argues that, as a resident of Clarksville, Tennessee, she is entitled to bring cases before the United States District Court for the Middle District of Tennessee in Nashville. She states: "When the Plaintiff is provided or granted the option to present a case before the Civil Court vs. the EEOC, Plaintiff will always select the Federal Civil Court." (Doc. No. 37, at 3.)

She also faults the defendant for failing to notify her that the FMLA has a three-year statute of limitations. The court understands her to be arguing that her FMLA claim is not barred.

### A.    Title VII Administrative Filing Requirements

Exhaustion of administrative requirements is a precondition to filing a Title VII suit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002). As the Sixth Circuit has recognized, administrative exhaustion requirements for federal employees include the following steps: (1) consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); (2) filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and (3) receipt of an FAD, 29 C.F.R. §

1614.110(a). *See Lockett*, 259 F. App'x at 786 (listing steps). Within thirty days after receiving the FAD, the employee *may* file a discretionary appeal to the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. § 1614.402(a). If she opts not to file a discretionary appeal, then she has ninety days within which to file civil suit in a federal district court. 29 C.F.R. § 1614.407(a)–(d).

The statute of limitations is an affirmative defense; the defendant therefore bears the burden of pleading and proving it. *Lockett*, 259 F. App'x at 786. In this case, the plaintiff pleads in her Complaint that she received the FAD on August 18, 2014. (Compl. ¶ 9.) The FAD itself clearly provided notice to the plaintiff of her appeal options. It states:

> **APPEAL RIGHTS**
>
> A. This is the final decision of the DoDEA on the substantive issues of this complaint of discrimination . . . . In accordance with the U.S. Equal Opportunity Commission (EEOC) regulations 29 CFR §§ 1614.401 and 402, Complainant may appeal the final decision of the Agency in this matter to EEOC within 30 days of receipt of this decision.
>
> . . . .
>
> F.     In lieu of an appeal to EEOC, a civil action may be filed in a United States District Court within 90 calendar days of receipt of EEOC's final decision.

(Doc. No. 37-1, at 7.)

The defendant asserts, based on the underlying administrative record, that no EEOC appeal was filed, and the plaintiff concedes that she did not file an agency appeal. (Doc. No. 41, at 2.) Instead, she filed her Complaint in this action on April 22, 2015, more than eight months and well over ninety days after her receipt of the FAD.

The limitations period for filing a civil action is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This principle applies to the administrative requirements for federal employees. *Irwin v. Dep't of V.A.*, 498 U.S.

89, 95–96 (1990); *Lockett*, 259 F. App'x at 786. The plaintiff here, however, does not offer any basis for equitable tolling and the court perceives none. The plaintiff's Title VII claim is therefore subject to dismissal based on the plaintiff's failure to file suit within ninety days after her receipt of the FAD.

**B.     ADA Claim and Exhaustion**

The defendant submits that the plaintiff failed to exhaust administrative remedies as to her ADA claims. The plaintiff did not respond to this assertion.

A district court's jurisdiction to hear cases arising under the ADA is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 109 (6th Cir. 2009) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)). "Therefore, a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed," or if the agency discovers evidence of the discrimination relating to the uncharged claim while investigating plaintiff's charge. *Id.*

The plaintiff's formal Complaint of Discrimination in the Federal Government asserts that the plaintiff was discriminated against in reprisal for previous EEO activity. (Doc. No. 16-3, at 4.) The plaintiff did not check the box to allege discrimination on the basis of disability. (*Id.*) Because the plaintiff's prior EEO activity was based on claims of race discrimination and reprisal for having filed Title VII complaints, the FAD construed the plaintiff's complaint to be brought under Title VII. (*See* Doc. No. 37-1, at 3.) There is no indication in the record that the plaintiff had previously brought claims under the ADA or that she was claiming retaliation for having taken actions protected by the ADA. Moreover, the facts included in plaintiff's Complaint of Discrimination would not have prompted the EEOC to investigate an ADA

retaliation claim. Because the plaintiff never raised an ADA claim administratively, any ADA claim in the Complaint is subject to dismissal for failure to exhaust.

### C. FMLA Claim

The FMLA provides, in pertinent part: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To state a *prima facie* case of FMLA interference, an employee must show that:

(1) the employee was an eligible employee;

(2) the defendant was an employer as defined under the FMLA;

(3) the employee was entitled to leave under the FMLA;

(4) the employee gave the employer notice of his intention to take leave; and

(5) the employer denied the employee FMLA benefits to which he was entitled.

*Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012). The FMLA defines the term employer to include "any agency of the United States." 29 U.S.C. § 203(x). The FMLA, unlike Title VII and the ADA, does not incorporate an administrative-exhaustion requirement.

The court construes the allegations in the *pro se* Complaint broadly as stating a claim against the defendant in his official capacity for interference with the plaintiff's rights under the FMLA by improperly denying leave in reprisal for the plaintiff's having previously engaged in activity protected by Title VII. The defendant does not acknowledge the FMLA claim or seek its dismissal. The court therefore finds that dismissal of the FMLA claim at this juncture is not warranted.

### D. Section 1981 Claim

Although the Complaint suggests the plaintiff intended to state a claim under 42 U.S.C. §

1981, the defendant does not address such a claim in its motion. However, as set forth in the Memorandum accompanying the Order granting the defendant's Motion to Dismiss Improper Parties, it has long been recognized that Title VII provides the sole remedy for racial discrimination claims asserted by federal employees. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). Consequently, constitutional claims asserting race discrimination are preempted by Title VII. *See id.* (rejecting a § 1981 claim of racial discrimination brought by a federal employee). To the extent the plaintiff seeks to bring a § 1981 claim against the defendant, that claim is also subject to dismissal as a matter of law.

**VI.    Conclusion**

For the reasons set forth herein, the court will grant the defendant's Motion to Dismiss, which seeks dismissal of the plaintiff's Title VII and ADA claims. The Complaint, however, also states a claim under the FMLA, which the defendant's motion does not address. That claim remains pending.

An appropriate Order is filed herewith

_____
ALETA A. TRAUGER
United States District Judge