UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAYE RENNELL HOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>RETIRED GENERAL JAMES MATTIS,<br>Secretary, Department of Defense,[1]<br><br>    Defendant. | Case No. 3:16-cv-00774<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief Judge

## REPORT AND RECOMMENDATION

Pending in this civil action is a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) filed by Defendant James Mattis, Secretary of the United States Department of Defense (hereinafter, the Department). (Doc. No. 59.) The motion is accompanied by a memorandum (Doc. No. 60) and supporting exhibits (Doc. No. 61). In response, Hobson, who appears pro se, has filed a memorandum (Doc. No. 65), her own declaration (Doc. No. 67), and other materials supporting her position (Doc. No. 64, 66, 68).

For the following reasons, the Magistrate Judge finds that the Court lacks jurisdiction over the action's remaining FMLA claim and therefore RECOMMENDS that the Department's motion to dismiss be GRANTED and the case be DISMISSED.

---

[1] By order entered May 2, 2017, the Court took judicial notice that Retired General James Mattis was confirmed as Secretary of Defense on January 20, 2017, and was therefore properly substituted as defendant in this action by operation of Fed. R. Civ. P. 25(d). (Doc. No. 55, PageID# 642.)

## I. Background

The following facts are taken from the allegations of Hobson's complaint:

Hobson's claims stem from her employment by the United States Department of Defense Education Activity (DoDEA) on Camp Humphreys Army Base in South Korea as a teacher at the base's Humphreys High School. (Doc. No. 1, PageID# 1 ¶ 1; PageID# 3 ¶ 10; Doc. No. 16-1, PageID# 70.[2]) Hobson's husband retired from the military at Fort Campbell Army Base in Clarksville, Tennessee, and Hobson has unsuccessfully sought employment at Fort Campbell schools since relocating to the United States.[3] (Doc. No. 1, PageID# 3 ¶ 11.) In October 2014, Hobson submitted a request for leave without pay under the FMLA. (*Id.* at PageID# 3 ¶ 9.) The request for leave was initially denied on grounds that it lacked sufficient supporting documentation. Hobson filed an internal complaint alleging that the denial was in retaliation for numerous employment discrimination claims she has filed against the Department. (*Id.* at ¶¶ 9, 11.) Hobson also believes leave was denied because Department employees think she is "using her medical condition to seek employment at Fort Campbell Schools." (*Id.* at PageID# 4 ¶ 12.)

Hobson concedes that she was ultimately granted FMLA leave. (*Id.* at PageID# 4 ¶ 12.) However, she states that "DoDEA misclassified her leave as Non-FMLA," which resulted in "a loss in benefits and entitlements." (*Id.* at PageID# 5, ¶ 26.) Specifically, Hobson alleges that only an employee on FMLA leave can accept donations of leave from co-workers and that the

---

[2] The Court has found that the documents contained in Doc. No. 16 appear to "be intended to supplement the Complaint." (Doc. No. 54, PageID# 636–37.) They are construed as part of Hobson's complaint for purposes of this motion.

[3] The timing of Hobson's relocation to the United States is not clear from her complaint. She states that she began employment with DoDEA in August 2002 and began working in Korea in August 2010. Hobson states that she "has been employed at Humphreys High School since 2013–present (2016)." (Doc. No. 1, PageID# 3 ¶ 10.)

designation of her unpaid leave as non-FMLA denied her that benefit. *Id.* Hobson also appears to claim injury from being required to submit four medical certifications before her FMLA leave was granted. (*Id.* at PageID# 4, ¶ 13.)

Hobson filed an administrative complaint with the Department of Labor (DOL) asserting these alleged FMLA violations. (*Id.* at PageID# 4, ¶ 15.) The DOL responded that its enforcement authority is limited to claims under Title I of the FMLA and Hobson's status as "a federal employee who may be covered by the provisions of Title II" of the FMLA required her to seek enforcement of such rights from the Office of Personnel Management (OPM). (Doc. No. 16-19, PageID# 400–01.) By subsequent letter, the DOL "confirmed that [its] enforcement authority under Title I of the FMLA excludes any federal officer or employee covered under subchapter V of Chapter 63 of Title 5 of the United States Code and subject to regulations at 5 C.F.R. Part 630," and that it therefore had "no authority to enforce the provisions of the FMLA in [Hobson's] case." (*Id.* at PageID# 407.) Hobson states that, when she contacted OPM, they referred her back to DOL. (Doc. No. 1, PageID# 4, ¶ 17.)

Hobson filed this lawsuit a few months later, naming Mattis in his official capacity as Secretary of the Department of Defense and six individual defendants. The complaint explicitly asserts discrimination claims under Title VII and the Americans with Disabilities Act (ADA), but also includes allegations regarding Hobson's rights under the FMLA and 42 U.S.C. § 1981. In separate orders entered on May 2, 2017, the Court granted a motion to dismiss all claims against the individual defendants (Doc. No. 54) and granted the Department's motion to dismiss Hobson's Title VII, ADA, and § 1981 claims (Doc. No. 56). The Court construed the allegations of Hobson's pro se complaint broadly and found one claim remaining against Mattis in his official capacity. The Court characterized that claim as one for "interference with the plaintiff's rights under the

3

FMLA by improperly denying leave in reprisal for the plaintiff's having previously engaged in activity protected by Title VII." Noting that the Department had not acknowledged the FMLA claim or moved to dismiss it, the Court found dismissal unwarranted "at this juncture." (*Id.* at PageID# 651.) The Department now seeks dismissal of the FMLA claim on jurisdictional grounds.

## II.     Legal Standard

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). When a court's jurisdiction is challenged through a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of showing that jurisdiction exists. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A motion to dismiss challenging subject-matter jurisdiction may make a facial attack or a factual attack. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). A facial attack challenges the sufficiency of the plaintiff's complaint and, like a motion under Rule 12(b)(6), requires the Court to take all of the complaint's allegations as true. *Id.* A factual attack challenges the plaintiff's allegations supporting jurisdiction and requires the court "to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). In reviewing a factual challenge, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Here, the Department primarily asserts a facial challenge to the Court's jurisdiction. It argues that the allegations of Hobson's complaint establish that she is covered by Title II of the FMLA and, because that statute does not contain a private right of action, subject-matter

4

jurisdiction over Hobson's claim does not exist. The Department also makes a factual challenge that Hobson ultimately received FMLA leave and therefore has not stated a claim for denial of FMLA benefits. The Department and Hobson have filed declarations and related exhibits in support of their briefing of that challenge. (Doc. Nos. 61, 67.) Because the Department's facial challenge defeats the Court's jurisdiction, it need not weigh the parties' competing factual claims.

**III.  Analysis**

The Department argues that the Court lacks subject-matter jurisdiction because Title II of the FMLA does not provide a private right of action for federal employees. "The doctrine of sovereign immunity shields the United States from lawsuits" unless Congress expressly waives that immunity by statute. *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014); *Munaco v. United States*, 522 F.3d 651, 652–53 (6th Cir. 2008) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The United States' sovereign immunity "extends to agencies of the United States or federal officers acting in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (internal quotation marks omitted). Absent a statutory waiver of that immunity and authorization of a private right of action, "a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Id.* (citing *Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir. 1998)).

Title I and Title II of the FMLA are "basically identical in terms of the *substantive* rights provided for employees." *DeJesus v. Geren*, No. 3:08-CV-0043, 2008 WL 2558009, at *10 (M.D. Tenn. June 23, 2008). They "differ markedly in one critical respect: Title I explicitly provides a private right of action for employees who suffer violations under the Act, but Title II does not." *Id.* (comparing 29 U.S.C. § 2617(a) with 5 U.S.C. § 6387). "Instead of bringing a civil action, a

5

federal employee covered by Title II of the FMLA seeking to redress a violation of the FMLA must file an administrative grievance." *Sutherland v. Bowles*, No. 94-71570, 1995 WL 367937, at *2 (E.D. Mich. Jan. 17, 1995). For this reason, a court must dismiss a plaintiff's claims under the FMLA for lack of subject-matter jurisdiction if she is covered by Title II instead of Title I. *See, e.g., Burg v. U.S. Dep't of Health and Human Servs.*, 387 F. App'x 237, 240 (3d Cir. 2010); *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999); *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997); *Doucette v. Johnson*, No. CV 16-11809, 2017 WL 840406, at *3 (E.D. Mich. Mar. 3, 2017); *Mulvey v. Perez*, No. 3:14-cv-1835, 2015 WL 5697318, *3 (M.D. Tenn. Sept. 28, 2015); *Davis v. Thompson*, 367 F. Supp. 2d 792, 800 (D. Md. 2005); *Sullivan-Obst v. Powell*, 300 F. Supp. 2d 85, 99 (D.D.C. 2004).

Title I excludes from its definition of eligible employees "any Federal officer or employee covered under subchapter V of chapter 63 of Title 5 (FMLA Title II)." 29 U.S.C. § 2611(2)(B)(i). Department teachers are included in Title II, and thus excluded from Title I, when they have completed twelve months of service.[4] 5 U.S.C. § 6381(1). The facts alleged in Hobson's complaint, construed in her favor, establish that she is a Title II employee.

Hobson's complaint repeatedly states that she is a DoDEA employee and identifies the Department as her employer. (Doc. No. 1.) Hobson states that she worked for the Department between 2002 and 2008, resumed her employment in 2010, and "has been employed at Humphreys High School since 2013–present (2016)." (Doc. No. 1, PageID# 3 ¶ 10.) Hobson thus served as a Department teacher as defined by 20 U.S.C. § 901 and held that position for more than twelve

---

[4] The FMLA defines Department teachers' status through a somewhat-circuitous route of nested statutes. Department teachers are included in the definition of federal employees under 20 U.S.C. § 901. They are excluded from federal provisions regarding annual and sick leave under 5 U.S.C. § 6301(2)(B)(ix), but, through that provision, are specifically included as federal employees for purposes of the FMLA after completing twelve months of service. 5 U.S.C. § 6381(1).

6

months. Accordingly, Hobson's complaint establishes on its face that she is a Title II employee under 5 U.S.C. § 6381(1). Because the FMLA provides no private right of action for Hobson's claim, the Court lacks subject-matter jurisdiction and must dismiss this case.

## IV. Recommendation

The Magistrate Judge RECOMMENDS that the Department's motion to dismiss be GRANTED and that this case be DISMISSED for lack of subject-matter jurisdiction.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 13th day of February, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge