# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FAYE RENNELL HOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-00774 |
| ) | CHIEF JUDGE CRENSHAW |
| RETIRED GENERAL JAMES MATTIS, ) | |
| Secretary, Department of Defense, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is a Report and Recommendation (Doc. No. 91) from the Magistrate Judge concerning Defendant's Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 59.) Plaintiff has timely filed Objections. (Doc. No. 92.)

Plaintiff's Title VII, ADA, and § 1981 claims previously have been dismissed, leaving one remaining claim against Defendant Mattis in his official capacity for interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"). (See Doc. No. 56.) In the Court's previous Order, it noted that the Defendant had not acknowledged the FMLA claim or moved to dismiss it, making dismissal unwarranted at that juncture. (Id.) Defendant now seeks dismissal of the FMLA claim on jurisdictional grounds.

In a nutshell, Defendant's argument for dismissal of the FMLA claim is that the allegations of the Complaint establish that Plaintiff, as a Department of Defense teacher, is covered by Title II of the FMLA, which does not create a private right of action for federal employees (as opposed to Title I, which creates a private right of action for non-federal employees). Rather, Defendant argued, a federal employee covered by Title II must file an administrative grievance. The

Magistrate Judge has examined this question, agreed, and, as a result, recommended that this Court find that it lacks subject-matter jurisdiction and dismiss the case. (Doc. No. 91 at 2-7.) The Court has reviewed this matter de novo and finds that the Magistrate Judge's analysis is correct.

Plaintiff appears to make three Objections. First, Plaintiff objects on the ground that she was granted Leave Without Pay ("LWOP") and that "LWOP is not the same as FMLA." (Doc. No. 92 at 1.) This objection is unclear. But to the extent that Plaintiff is arguing that her claim should be maintained because it is something other than an FMLA claim, this is without merit when viewed in light of the Complaint and the progression of this case. The first substantive sentence of the Complaint states: "October 16, 2014 Plaintiff submitted a requested to be placed on (LWOP) Leave Without Pay status under the (FMLA) Family and Medical Leave Act, which was not granted even though Plaintiff provided an abundance of medical documentation." (Doc. No. 1 at ¶ 9.) The Complaint then contains explicit factual allegations related to the FMLA. (See id. at ¶¶ 12-15.) Finally, Count One of the Complaint focuses exclusively and explicitly on the Defendant's alleged FMLA violation. (See id. at ¶¶ 23-30.) Plaintiff has pursued this FMLA claim throughout the case. Indeed, in a recent filing made on January 3, 2018, Plaintiff asserted: "The above stated case is a clear violation of plaintiff's FMLA rights, it's not a rocket science. . . ." (Doc. No. 86 at 1.) This objection is therefore overruled.

Second, Plaintiff objects on the grounds that she has already responded to the motion to dismiss in great detail and "nothing has changed." (Id.) Plaintiff refers the Court to multiple prior filings and states that "her stance and submission of facts remain firm and there are no new details." (Id. at 2.) This is insufficient to form the basis of a valid objection to the Report and Recommendation. Making general objections or vaguely pointing in the direction of prior filings do not constitute specific objections. See Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)

(noting that the Sixth Circuit "disfavors allowing parties to incorporate prior arguments into their objections to a magistrate judge's report and stating that "parties who fail to make specific objections do so at their own peril."); Neuman v. Rivers, 125 F.3d 315, 323 (6th Cir. 1997) (rejecting reference to prior arguments in objections because "reference was not sufficiently specific to satisfy the standards announced by [[the Sixth Circuit]"). Here, Plaintiff's general statements do not focus on any specific areas on disagreement and serve no helpful purpose in directing the attention of the Court. Accordingly, this objection is also overruled.

Third, Plaintiff appears to – briefly – make a sort of judicial corruption argument by suggesting that the Magistrate Judge (1) is somehow in league with the Defendant and (2) is retaliating against Plaintiff for filing a complaint against U.S. District Judge Aleta Trauger in another case. (Doc. No. 92 at 2.) However, Plaintiff offers no evidence whatsoever to support these bald accusations. The Court has carefully reviewed the docket in this case and there is no sign of collusion between any of the judges that has handled it and any party. Nor is there any evidence that the Magistrate Judge's apt Report and Recommendation is based upon anything other than the alleged facts of this case and the applicable law. This unsupported objection is therefore overruled.[1]

The Court has one final observation. The Plaintiff has made numerous filings in this case that suggest that she believes motion practice is inappropriate and that Defendants should be required to answer complaints. (See, e.g., Doc. No. 84.) For example, the Plaintiff has filed three requests for entry of default, and in the third of these, filed while this motion to dismiss was pending, she stated: "Rules 8 and 12 of the Federal Rules of Civil Procedure are clear. Defendant

---

[1] Following the filing of this Objection, the Magistrate Judge (in a reasonable decision) elected to recuse herself from this case. As discussed here, however, the Court is satisfied with the Report and Recommendation and will proceed.

is required to file an answer, but has not, and therefore is legally deemed to have admitted the allegations of the Complaint. Motions do not replace answers." (Doc. No. 88 at 1.) It has been repeatedly explained to the Plaintiff that the filing of a motion to dismiss is an appropriate response to a complaint and tolls the time for the filing of an answer. (See, e.g., Doc. No. 90; Fed. R. Civ. P. 8) This Court does not see any indication that the Federal Rules of Civil Procedure have been abused here.

Accordingly, the Report and Recommendation (Doc. No. 91) is **APPROVED AND ADOPTED**. The Motion to Dismiss (Doc. No. 59) is **GRANTED** and Plaintiff's remaining FMLA claim is **DISMISSED** for lack of subject matter jurisdiction. This is a final order and the clerk shall close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE